UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ROBERT L. MORROW,
CDCR #BX8757,
Plaintiff,

vs.

RAFAEL ACEVEDO, Warden;
R. NORIEGA, Correctional Officer;
E. VEGA, Correctional Officer;
O. DENNIS, Correctional Officer,
Defendants.

Case No.: 3:26-CV-4250 JLS (MMP)

**ORDER:**

**(1) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE AND FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* AND**

**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**

(ECF Nos. 1, 2)

On July 23, 2026, Plaintiff Robert L. Morrow, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. He also moved for appointment of counsel. ECF No. 2. For the reasons explained, the Court **DISMISSES** the action *sua sponte* without prejudice and **DENIES** his Motion for Appointment of Counsel (ECF No. 2).

/ / /

/ / /

/ / /

## I. Failure to Pay Filing Fee or Request *In Forma Pauperis* ("IFP") Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the $55 administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). In addition, because Plaintiff is a prisoner, even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments," regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $405 in filing and administrative fees required to commence this civil action, nor has he submitted a motion seeking permission to proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Motion for Appointment of Counsel

Plaintiff seeks appointment of counsel because, inter alia, he cannot afford an attorney, his incarceration will limit his ability to prosecute this case, and the issues are complex. ECF No. 2 at 1–2. There is, however, no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, this discretion is exercised only under "exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). And, importantly, such discretion necessarily depends upon

Plaintiff's IFP status. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

Because Plaintiff has not yet demonstrated he is eligible to proceed IFP pursuant to 28 U.S.C. § 1915(a), he cannot show he is "unable to afford counsel" as required by § 1915(e)(1). Therefore, Plaintiff's Motion for Appointment of Counsel must also be **DENIED**. Denial is without prejudice to Plaintiff resubmitting the motion should he be granted leave to proceed IFP.

## II. Conclusion and Order

Accordingly, the Court:

(1) **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $405 in civil filing and administrative fees or to submit a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

(2) **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 2) without prejudice.

(3) **GRANTS** Plaintiff forty-five (45) days' leave from the date this Order is filed to either: (a) prepay the entire $405 civil filing and administrative fee in full or (b) complete and file a motion to proceed *in forma pauperis*, including a certified copy of his trust account statement for the six-month period preceding the filing of the Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).[1]

(4) **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved

[1] If Plaintiff chooses to re-open the case by either prepaying the full $405 civil filing fee, or by submitting a properly supported motion to proceed *in forma pauperis*, his Complaint will be subject to an initial review and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) or 28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity").

form titled "Motion and Declaration in Support of Motion to Proceed IFP" for his convenience. Should Plaintiff fail to either pay the full filing and administrative fee or submit a properly completed motion to proceed *in forma pauperis* within forty-five (45) days, this civil action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

(5) **DIRECTS** the Clerk to administratively **CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 25, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge